IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-247-RJC-DCK

| | |
|---|---|
| GENESIS MOSES and PAMELA HUNT, Individually, and on Behalf of all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC MARKET INTERNATIONAL, LLC, <br><br> Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Pacific Market International, LLC's Motion To Dismiss Or, In The Alternative, Stay All Proceedings" (Document No. 10). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

### I. BACKGROUND

Genesis Moses ("Moses") and Pamela Hunt ("Hunt") (together, "Plaintiffs"), "individually and on behalf of all others similarly situated," initiated this action with the filing of a "Class Action Complaint" (Document No. 1) on February 29, 2024. Plaintiffs state that they bring this class action lawsuit as individuals who purchased a steel "Stanley" brand cup (the "Products" or "Cups") produced by Pacific Market International, LLC ("Defendant" or "PMI"). (Document No. 1, p. 1). Plaintiff contends that "the Products are defective because they contain lead." Id.

The Complaint notes that Defendant is headquartered in Seattle, Washington. (Document No. 1, p. 3). Moreover, Plaintiffs state that "[u]pon information and belief, the planning and

execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the Products and the claims alleged herein was primarily carried out at Defendant's headquarters and facilities within Washington." Id.

Plaintiffs assert causes of action for: (1) unjust enrichment; (2) breach of express warranty; (3) breach of implied warranty; (4) breach of the implied warranty of merchantability; (5) fraudulent concealment; (6) strict liability – failure to warn; (7) strict liability – design defect; (8) negligent failure to warn; (9) negligent design defect; and (10) negligence. (Document No. 1, pp. 11-22).

"Defendant Pacific Market International, LLC's Motion To Dismiss Or, In The Alternative, Stay All Proceedings" (Document No. 10) and "…Brief In Support…" (Document No. 11 were filed on April 19, 2024. Defendant PMI argues that this matter should be dismissed without prejudice, or stayed, pursuant to the first-to-file rule. (Document No. 10). "Plaintiffs' Opposition…" (Document No. 18) was filed on May 17, 2024; and Defendant's "…Reply Brief…" (Document No. 19) was filed on May 31, 2024.

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Franzetti v. Pac. Mkt. Int'l LLC, 2024 WL 1832470, at *2 (W.D.Wash. Apr. 26, 2024) (citations omitted).

> Fourth Circuit courts apply a two-step inquiry to determine if the first-to-file rule applies. First, courts determine if the actions are sufficiently similar, e.g., Victaulic Co., 2013 WL 6388761, at *3, looking to three factors: (1) the chronology of the filings; (2) the similarity of the parties; and (3) the similarity of the issues at stake, e.g., Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003).
>
> Second, if the court determines the actions are sufficiently similar, it then determines if an equitable exception nevertheless applies to bar application of the rule, e.g., Victaulic Co., 2013 WL 6388761, at *3 – namely, the Fourth Circuit determines whether, where the first-to-file rule otherwise applies, the "balance of convenience" nevertheless counsels against its application. U.S. Airways, Inc., 2011 WL 3627698, at *3 (citing Volvo Const. Equip. N. Am., Inc., 386 F.3d at 594–95).

Farina v. Mazda Motor of Am., Inc., No. 3:23-CV-050-MOC-SCR, 2023 WL 4241675, at *4 (W.D.N.C. June 28, 2023)

### III. DISCUSSION

Defendant first notes that "*four other putative class actions*" were filed against PMI before the instant lawsuit. (Document No. 11, p. 3). According to Defendant, all of those cases were "based on the exact same factual allegations," and three of them, "like this lawsuit, were filed on behalf of the same purported nationwide class." Id. Defendant contends that this action "is entirely duplicative" and under the first-to-file rule should be dismissed or stayed because "public policy disfavors such litigation." (Document No. 11 pp. 3-4).

The other class actions cited by Defendant are: Franzetti v. Pacific Market International, LLC, No. 2:24-CV-191-TL (W.D.Wash.) filed February 12, 2024; Krohn v. Pacific Market International, LLC, No. 2:24-CV-200-TL (W.D.Wash.) filed February 14, 2024; Barbu v. Pacific Market International, LLC, No. 2:24-CV-258-TL (W.D.Wash.) filed February 24, 2024; and Brown, et al. v. Pacific Market International, LLC, et al., No. 2:24-CV-1765-ODW-AJR (C.D.Cal.) filed February 1, 2024. The three (3) cases pending in the United States District Court

3

for the Western District of Washington were consolidated on April 26, 2024.  See Franzetti v. Pacific Market International, LLC, No. 2:24-CV-191-TL, 2024 WL 1832470 (W.D.Wash. Apr. 26, 2024).  Apparently, based on an agreement between the plaintiff in Brown and PMI, the Brown lawsuit was transferred from the Central District of California action to the Western District of Washington on or about May 2, 2024.  (Document No. 18, p. 3).

In support of its pending motion, Defendant first notes that "[a]s between two federal district courts, the general rule is that duplicative litigation should be avoided."  (Document No. 11, p. 6) (citing Great Am. In. Co. v. Gross, 468 F.3d 199, 206 (4th Cir. 2006) (citing Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 ((1976)).  Moreover, "[i]n accordance with the policy against duplicative lawsuits, under the first-to-file rule, "[w]hen a case falls within the ambit of the [first-to-file] rule, district courts generally stay or dismiss the later-filed case."  (Document No. 11, p. 7) (citations omitted).  Defendant argues that based on the relevant three factors – "(1) the chronology of the filings, (2) the similarity of the parties involved, and 3) the similarity of the issues or claims at stake" – the first-to-file rule applies here.  (Document No. 11, p. 8) (quoting Smiley v. Arizona Beverages, 2024 WL 327044, at *2 (D.Md. Jan. 29, 2024)).

First, the chronology is "straightforward";  Franzetti, Krohn, Barbu, and Brown were all filed before this action.  Id.  Second, the parties involved are similar;  PMI is the sole defendant in all these actions, and the Franzetti, Krohn, and Barbu plaintiffs all purport to represent the same nationwide class of purchasers of Stanley-brand cups. (Document No. 11, p. 9).  Third, Defendant notes that the underlying facts giving rise to the claims are "substantially similar" and that there is no question that the claims in all these earlier-filed actions arise from the same factual basis as the claims in this lawsuit.  (Document No. 11, p. 10).

Finally, Defendant argues that "Plaintiffs cannot 'show[] that the balance of convenience or any other compelling circumstances warrant allowing the instant action to proceed despite, duplicative, parallel litigation' and thus the Court should stay this action." (Document No. 11, p.11) (quoting Smiley, 2024 WL 327044, at *4).

"Plaintiff's Opposition…" requests that this Court deny "Defendant Pacific Market International, LLC's Motion To Dismiss Or, In The Alternative, Stay All Proceedings" (Document No. 10) "in its entirety or, in the alternative, transfer this action to the Western District of Washington for Consolidation." (Document No. 18, p. 4). Plaintiff first argues that application of the first-to-file rule is "unwarranted." (Document No. 18, pp. 5-7). Plaintiff does not dispute that the Franzetti action was filed first, but suggests that because that action and this action are both in the earliest stages of litigation, the Court should exercise its discretion to decline to apply the first-to-file rule. (Document No 18, pp. 6-7). Plaintiff states that "the similar filing dates and status of this action and the now consolidated *Franzetti* action favor against applying the first filed rule." (Document No. 18, p. 7).

In the alternative, Plaintiff contends that the "first-to-file rule compels transfer of this action, rather than a stay or dismissal of the proceedings." (Document No. 18, p. 7). Plaintiff goes on to assert that the three first-to-file factors are satisfied here, but that they favor transfer. (Document No. 11, pp. 7-9) (citing Gonzalez v. Homefix Custom Remodeling, Corp., 670 F.Supp. 3d 337 (E.D. Va. 2023)). Plaintiff concludes:

> The *Franzetti*, *Krohn*, and *Barbu* actions are all already pending before the same judge, the Honorable Tana Lin, in the Western District of Washington. Given the overlapping facts, claims, and parties, significant judicial resources would be conserved by managing these cases in one court.

(Document No. 18, p. 9).

Defendant's Reply brief asserts that "dismissal without prejudice of this disfavored lawsuit is the proper outcome." (Document No. 19, p. 3). Defendant argues that Plaintiffs have failed to proffer any legitimate basis to forgo the first-to-file rule and re-asserts that all the necessary factors are satisfied. (Document No. 19, pp. 4-6).

Regarding Plaintiff's request that this matter be transferred, Defendants argue that Plaintiffs:

> have made no motion to transfer. Plaintiffs' attempt to obtain affirmative relief when opposing dismissal is "in contravention of the Court's Local Rules, which prohibit the inclusion of requests for affirmative relief in responsive pleadings." *Fortune v. Gaylor Elec., Inc.*, 2020 WL 3638132, at *2 (W.D.N.C. July 6, 2020) (citing LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading.")). Moreover, Plaintiffs fail to explain why a transfer is "preferable" to a dismissal or a stay or how a transfer would solve the problem their duplicative filing created in the first place.

(Document No. 19, p. 6).

Defendant further argues that Plaintiffs' reliance on Gonzalez is misplaced because that case did not involve a request for dismissal or stay. Id.

In further support of its position, Defendant contends that dismissal or stay of this action under the first-to-file rule furthers the purposes of that rule, while transferring this "copycat" action would involve the following drawbacks:

> (1) imposing on Defendant the added burden of having to conduct written discovery, document discovery, and deposition discovery against each of the named Plaintiffs in this case, (2) incentivizing additional copycat lawsuits by allowing this lawsuit to proceed, and (3) potentially making a negotiated resolution harder to achieve, given that at least **10** plaintiffs' firms would be required to sign off on such a resolution.

(Document No. 19, p. 7).

In conclusion, Defendants argue that transfer provides no benefits to proposed class members; "[t]here is no relief Plaintiffs can offer to proposed class members that would not be fully available in the earlier-filed cases, and there is no prejudice the putative class members will suffer from a dismissal or a stay." Id.

The undersigned finds Defendant's arguments most compelling. It appears undisputed that the first-to-file rule is applicable here, and that the action pending in the Western District of Washington was filed first. Moreover, all the previous filed actions were consolidated under Franzetti many months ago, and that litigation is presumably further along than this one. It also appears to be undisputed that this Court has the discretion to determine whether to dismiss, stay, or transfer this case.

After careful consideration of the arguments and relevant legal authority, the undersigned is persuaded that this case should be stayed. The undersigned agrees that transfer is unnecessary because Plaintiffs and the proposed class members seem to be adequately represented by Franzetti, and because Defendant effectively asserts that the drawbacks of transfer outweigh any purported benefit.

In recommending a stay, the undersigned notes that a recent similar case before this Court is instructive. See Anderson v. Electrolux Home Products, 3:23-CV-560-RJC-DCK, 2024 WL 4284219 (W.D.N.C. Aug. 30, 2024) adopted by 2024 WL 4279517 (W.D.N.C. Sept. 24, 2024). In Anderson, under similar circumstances, this Court granted the defendant's motion to stay and denied the defendant's motion to dismiss, without prejudice. Id. The undersigned finds that the same result is appropriate here.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Pacific Market International, LLC's Motion To Dismiss Or, In The Alternative, Stay All Proceedings" (Document No. 10) ) be **GRANTED**. The undersigned recommends that this action be **STAYED**.

**IT IS FURTHER RECOMMENDED** that counsel for the parties be required to file a Status Report on **May 2, 2025**, and **every ninety (90) days thereafter**, until Franzetti v. Pacific Market International, LLC, No. 2:24-CV-191-TL (W.D.Wash.) is resolved.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 27, 2025

David C. Keesler
United States